IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CARLY RANDALL, an individual,

        Plaintiff,

    v.

CLINT IM, an individual; THE BOTTLING CO., LLC, an Oregon limited liability company; RELIEF BRAND LLC, an Oregon limited liability company; CBD DIRECT LLC, an Oregon limited liability company; OHC LLC, an Oregon limited liability company; and INDUSTRY SUPPLY LLC, an Oregon limited liability company,

        Defendants.

Case No. 3:23-cv-00243-AR

ORDER

**BAGGIO, District Judge:**

        Magistrate Judge Jeff Armistead issued a Findings and Recommendation on August 29, 2025, in which he recommends that the Court grant in part and deny in part Plaintiff Carly

1 – ORDER

Randall's Motion for Default Judgment. F&R, ECF No. 69. The matter is now before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

Defendant Im filed objections to Judge Armistead's Findings and Recommendation on September 19, 2025. Def. Clint Im's Obj. ("Def.'s Obj."), ECF No. 77. However, Judge Armistead entered default against Defendant Im on December 18, 2024. Order, ECF No. 41. "Normally, '[e]ntry of default cuts off a defendant's right to appear in the action.'" *Big Wuf Enters., LLC v. Go Farm Hemp LLC*, No. 6:20-cv-01634-MC, 2021 WL 12319108 (D. Or. July 12, 2021) (quoting *Verliant Energy, Inc. v. Barry*, No. 14-cv-02443-JST, 2015 WL 12990196, at *3 (N.D. Cal. Mar. 31, 2015)). "A defendant's remedy if a defendant wants to set aside default . . . is for the defendant to file a motion to set aside entry of default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure." *Transamerica Life Ins. Co. v. Shubin*, No. 1:11-cv-01958-LJO-SKO, 2012 WL 5364645, at *2 (E.D. Cal. Oct. 31, 2012) (quoting *Great Am. Ins. Co. v. M.J. Menefee Constr., Inc.*, No. F06-0392 AWIDLB, 2006 WL 2522408, at *2 (E.D. Cal. Aug. 29, 2006)). Without such a motion, "a party in default is generally precluded from participating in the case until the entry of default has been set aside." *Joe Hand Prods., Inc. v. Estrada*, No. 1:10-cv-02165-OWW-SKO, 2011 WL 1232606, at *1 n.1 (E.D. Cal. Mar. 31, 2011), *adopted*, 2011 WL 1557876 (E.D. Cal. Apr. 25, 2011). Here, Defendant Im has been in default for over a year and has not filed a motion to set aside Judge Armistead's entry of default. Defendant Im's objections to Judge Armistead's Findings and Recommendation similarly do not request that the Court set aside default against him. Because Defendant Im is in default, Defendant Im is precluded from participating in this case. The Court therefore reviews Judge Armistead's Findings and Recommendation as though no objections have been entered and is relieved of its obligation to review the record *de novo*. *See United States v. Reyna-Tapia*,

2 – ORDER

328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding *de novo* review required only for portions of Magistrate Judge's report to which objections have been made).

Having reviewed the legal principles *de novo*, the Court makes the following additional findings regarding Plaintiff's entitlement to penalty wages under Or. Rev. Stat. §§ ("ORS") 652.140(1) and 652.150(1). Under Oregon law, "when employment is terminated by mutual agreement, all wages earned and unpaid at the time of the discharge or termination become due and payable not later than the end of the first business day after the discharge or termination." ORS 652.140(1). If an employer fails to comply with ORS 652.140(1), the discharged employee may be entitled to recover penalty wages. ORS 652.150.

Under Oregon law, "[t]o recover penalty wages, [the plaintiff] must prove [the defendant] '*willfully* fail[ed] to pay . . . wages . . . of an[ ] employee whose employment cease[d.]'" *Gessele v. Jack in the Box Inc.*, 160 F.4th 1011, 1024 (9th Cir. 2025) (quoting ORS 652.150(1)) (emphasis added). In Oregon, "[a]n employer . . . willfully fails to pay wages owed at termination only if it is 'fully aware of [its] obligation to do so' but nonetheless consciously and voluntarily decides not to fulfill that obligation." *Id.* at 1024–25 (quoting *Wilson v. Smurfit Newsprint Corp.*, 197 Or. App. 648, 660, 107 P.3d 61 (2005)). But an employer does not act willfully if it acts "based on an innocent miscalculation that is not careless" or "without fully knowing that the historical circumstances triggering the obligation have occurred." *Id.* at 1025 (quoting *Wilson*, 197 Or. App. at 662–63). In other words, willfulness "does not necessarily imply anything blamable, or any malice or wrong toward the other party, or perverseness or moral delinquency, but merely that the thing done or omitted to be done was done or omitted intentionally." *Sabin v. Willamette-W. Corp.*, 276 Or. 1083, 1093, 557 P.2d 1344 (1976) (quoting *Davis v. Morris*, 37 Cal. App. 2d 269, 274, 99 P.2d 345 (1940)).

3 – ORDER

Here, Plaintiff sufficiently proves that Defendants willfully failed to pay Plaintiff's earned and unpaid wages at the time Plaintiff's employment was terminated. Plaintiff alleges that "[o]n or around June 1, 2020" Defendant Im "asked [Plaintiff] to engage in a 'sweat equity contract' claiming that The Bottling Co. was losing too much money and that he couldn't afford to pay [Plaintiff]." Compl. ¶ 9, ECF No. 1. Plaintiff alleges that the agreement included "five percent value in each of the Company Defendants (except Industry Supply LLC) and a wage . . . ." *Id.* Plaintiff also alleges that she has not "received any pay to compensate for hundreds of hours she worked between August 2020 and September 2021." *Id.* ¶ 14. In support of her allegations, Plaintiff provides a signed copy of her 2019 employment contract, indicating that she was entitled to receive "compensation" for her labor "every two weeks while this Agreement is in force." Suppl. Randall Decl. Ex. 2, at 3–4, ECF No. 65-2. Plaintiff also provides her Venmo transaction history that shows (1) that Plaintiff received recurring payments from Defendant Im and (2) that Defendant Im represented those payments as either as "2 week payroll" or "2 week salary." Suppl. Randall Decl. Ex. 3, at 1 ECF No. 65-3. Plaintiff also provides copies of her bank statements that show recurring "payroll" deposits. *See, e.g.*, Suppl. Randall Decl. Ex. 4, at 13 (deposit in Plaintiff's bank account titled, "Bottling CO Payroll"), ECF No. 65-4. These bank statements also show that payments from Defendants became less frequent in 2020, and almost completely ceased in 2021. *See id.* at 95–174 (Plaintiff's bank statements showing that Defendants did not pay Plaintiff between July 25, 2020, and September 3, 2021). Defendants appeared to resume paying Plaintiff on September 3, 2021. *See id.* at 173 (deposit of $6,500 made on September 3, 2021); *see also* Pl.'s Mot. for Default J. 3 (arguing that Defendants resumed paying Plaintiff "on or around September 3, 2021"), ECF No. 48. In sum, Plaintiff's evidence sufficiently proves that Defendants were fully aware of the obligations to

4 – ORDER

compensate Plaintiff, that payments were made to compensate Plaintiff for her labor, and that Defendants stopped paying Plaintiff in late 2020 and through most of 2021. Therefore, Defendants willfully failed to pay Plaintiff what she was owed upon termination of her employment and failed to do so after thirty days. Plaintiff is entitled to penalty wages in the amount calculated in Judge Armistead's Findings and Recommendation.

## CONCLUSION

The Court adopts Magistrate Judge Armistead's Findings and Recommendation [69]. Accordingly, Plaintiff's Motion for Default Judgment [48] is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

DATED this 21st day of January, 2026.

*Amy M. Baggio*
AMY M. BAGGIO
United States District Judge