IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CARLY RANDALL, an individual,

        Plaintiff,

    v.

CLINT IM, an individual; THE BOTTLING
CO., LLC, an Oregon limited liability
company; RELIEF BRAND LLC, an Oregon
limited liability company; CBD DIRECT
LLC, an Oregon limited liability company;
OHC LLC, an Oregon limited liability
company; and INDUSTRY SUPPLY LLC, an
Oregon limited liability company,

        Defendants.

Case No. 3:23-cv-00243-AR

ORDER

**BAGGIO, District Judge:**

Magistrate Judge Jeff Armistead issued a Findings and Recommendation on February 9,
2026, in which he recommends that this Court grant in part and deny in part Plaintiff's pending
Motion for Attorney Fees. F&R 9, ECF No. 82. After Judge Armistead filed this F&R,
Defendant Clint Im filed two motions seeking relief from the Court's entry of default judgment

1 – ORDER

against him. *See* Def. Im Mot. Stay ("Def.'s Mot. Stay"), ECF No. 86; Def. Im Mot. Relief J. ("Def.'s Mot. Relief J."), ECF No. 87. The Court denies Defendant Im's pending motions and adopts Judge Armistead's F&R.

## I.    Defendant Im's Motions

Defendant Im moves for relief from judgment under Federal Rule of Civil Procedure 60(b).[1] Def.'s Mot. Relief J. 1. Defendant Im first argues under Rule 60(b)(1) that he "did not intentionally disregard these proceedings" and actively participated in this matter "[a]fter becoming aware of the posture of the case . . . ." *Id.* Defendant Im also seeks relief under Rule 60(b)(2)[2] and (6) because he has additional evidence and "a meritorious defense that has not been adjudicated on the merits." *Id.* The Court denies Defendant Im's motions.

As an initial matter, the Court denies Defendant Im's motions because he is still in default and has not moved to set aside that default. *See Joe Hand Prods., Inc. v. Estrada*, No. 1:10-cv-02165-OWW-SKO, 2011 WL 1232606, at *1 n.1 (E.D. Cal. Mar. 31, 2011) ("[A] party in default is generally precluded from participating in the case until the entry of default has been

---

[1] Defendant Im filed his motions before the Court entered judgment in this matter. While Defendant Im's pre-judgment filings are not true Rule 60(b) motions, the Court proceeds by analyzing this motion as if judgment has already been entered. *See Lombardi v. Donovan*, 597 F. App'x 431, 431–32 (9th Cir. 2015) ("Before the court entered judgment, [the movant's] attorney filed what he styled an *ex parte* application for relief under [Rule] 60(b). . . . The district court recognized that counsel's pre-judgment filing was not a true Rule 60(b) motion but concluded that, even if the Rule applied, counsel had shown no basis for relief under either provision. . . . We conclude the district court did not abuse its discretion in denying the motion.").

[2] While Defendant Im does not explicitly ask for relief under Rule 60(b)(2), the Court construes Defendant Im's request as seeking relief under Rule 60(b)(2) because Defendant Im attaches various documents in support of his Motion for Relief from Judgment. *See* Im Decl., ECF No. 88; *see also* Fed. R. Civ. P. 60(b)(2) ("On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b) . . . .").

2 – ORDER

set aside."), *adopted*, 2011 WL 1557876 (E.D. Cal. Apr. 25, 2011). Even if the Court were to construe Defendant Im's filings as a motion to set aside his default, Defendant Im fails to show good cause to set aside the default. *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004) (holding that the party in default bears the burden of showing that good cause exists to set aside entry of default).

Even if the Court did set aside Defendant Im's default, Defendant Im's arguments in support of granting relief are unpersuasive. First, Defendant Im's argument under Rule 60(b)(1) that he "did not intentionally disregard these proceedings" is unsupported by the record. Def.'s Mot. Relief J. 1. All Defendants were initially represented by counsel and filed an Answer on June 8, 2023. *See* Answer, ECF No. 13. But on November 8, 2023, counsel for Defendants withdrew as counsel of record with Judge Armistead's leave. Order, ECF No. 24. In the same order, Judge Armistead granted Defendants' "request to stay the deadlines for a period of 90 days to allow defendants to obtain new counsel" and ordered Defendants "to file a Status Report by 2/6/2024 advising the court of the status of obtaining new counsel." *Id.* Defendants failed to file a status report by February 6, 2024. Judge Armistead then scheduled a status conference for March 13, 2024, Scheduling Order, ECF No. 25, but Defendants did not attend, *see* Minutes of Proceedings, ECF No. 26. On March 20, 2024, it appeared that Defendant Im informed Judge Armistead that he was seeking to file a bankruptcy petition, and Judge Armistead stayed all deadlines to allow Defendant Im time "to determine whether and/or when a bankruptcy proceeding will be filed . . . ." Minutes of Proceedings, ECF No. 28. On August 23, 2024, roughly five months later, Plaintiff informed Judge Armistead that "no bankruptcy petition has been filed[,]" and requested a lift of the stay. Pl.'s Status Report 2, ECF No. 35. Judge Armistead lifted the stay on September 3, 2024. Order, ECF No. 36. After Judge Armistead lifted the stay,

3 – ORDER

Defendant Im failed to attend another scheduled status conference on September 18, 2024. Minutes of Proceedings, ECF No. 37. Plaintiff then moved for entry of default as to all Defendants on November 25, 2024, Pl.'s Mot. Entry of Default, ECF No. 38, and Judge Armistead granted Plaintiff's Motion on December 18, 2024, Order Granting Mot. Entry of Default, ECF No. 41. On February 4, 2025, Plaintiff filed a Motion for Default Judgment. Pl.'s Mot. Default J., ECF No. 48. Then, for the first time in roughly one and a half years, and only after Judge Armistead filed his prior Findings and Recommendation regarding Plaintiff's Motion for Default Judgment, F&R, ECF No. 69, Defendant Im appeared on September 12, 2025, *see* Def. Im Appl. CM/ECF Registration, ECF No. 72. To date, Defendant Im has never explained his prolonged lack of participation in this case. For that reason, Defendant Im is not entitled to relief under Rule 60(b)(1).

Second, the Court declines to consider Defendant Im's new arguments offered in support of his requested relief under Rule 60(b)(6). *See* Def.'s Mot. Relief J. 2; *see also Schanen v. United States Dep't of Just.*, 762 F.2d 805, 807–08 (9th Cir.1985) (affirming the district court's holding that "new arguments raised after final judgment which could have been raised earlier would not justify relief from judgment" and holding that "[t]he refusal of the district court to consider new arguments at that stage did not constitute an abuse of discretion in spite of [the defendant's] assertion that dire consequences would result from denial of the motion"), *reaff'd as modified*, 798 F.2d 348 (9th Cir. 1986); *Redwind v. W. Union, LLC*, No. 3:14-CV-01699-AC, 2017 WL 1025184, at *3 (D. Or. Mar. 16, 2017) ("[The movant] had notice of the amount of money [the nonmovant] sought as costs, and thus reasonably could have asserted the disparity in resources, potential for a chilling effect, and her financial condition in her original briefing."). Similarly, Defendant Im's request for relief under Rule 60(b)(2) is unsupported because

4 – ORDER

Defendant Im does not show that his newly proffered evidence "could not have been discovered through due diligence . . . ." *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990) (holding that to obtain relief from judgment under Rule 60(b)(2), the movant "must show the evidence (1) existed at the time of the trial, (2) could not have been discovered through due diligence, and (3) was 'of such magnitude that production of it earlier would have been likely to change the disposition of the case'" (quoting *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 211 (9th Cir. 1987))).

For the foregoing reasons, the Court denies Defendant Im's Motion for Relief from Judgment. Because Defendant Im's Motion for Stay of Execution of Judgment requests "a stay of execution of the Judgment . . . pending resolution of [Defendant Im's] Motion for Relief from Judgment under Rule 60(b)[,]" Def.'s Mot. Stay 1, the Court denies Defendant Im's Motion for Stay of Execution of Judgment as moot.

## II.    Judge Armistead's Findings and Recommendation

Having denied Defendant Im's motions, the Court now turns to Judge Armistead's pending Findings and Recommendation, which is before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b). Defendant Im filed objections to Judge Armistead's Findings and Recommendation on September 19, 2025. Def. Clint Im's Obj., ECF No. 85. But as mentioned above, Judge Armistead entered default against Defendant Im on December 18, 2024. Order, ECF No. 41. "Normally, '[e]ntry of default cuts off a defendant's right to appear in the action.'" *Big Wuf Enters., LLC v. Go Farm Hemp LLC*, No. 6:20-cv-01634-MC, 2021 WL 12319108, at *1 (D. Or. July 12, 2021) (quoting *Verliant Energy, Inc. v. Barry*, No. 14-cv-02443-JST, 2015 WL 12990196, at *3 (N.D. Cal. Mar. 31, 2015)). "A defendant's remedy if a defendant wants to set aside default . . . is for the defendant to file a motion to set

5 – ORDER

aside entry of default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure."

*Transamerica Life Ins. Co. v. Shubin*, No. 1:11-cv-01958-LJO-SKO, 2012 WL 5364645, at *2

(E.D. Cal. Oct. 31, 2012) (quoting *Great Am. Ins. Co. v. M.J. Menefee Constr., Inc.*, No. F06-

0392 AWI DLB, 2006 WL 2522408, at *2 (E.D. Cal. Aug. 29, 2006)). Without such a motion, "a

party in default is generally precluded from participating in the case until the entry of default has

been set aside." *Joe Hand Prods*, 2011 WL 1232606, at *1 n.1. Here, Defendant Im has been in

default for a year and a half and has not filed a motion to set aside Judge Armistead's entry of

default. Because Defendant Im is in default, he is precluded from participating in this case. The

Court therefore reviews Judge Armistead's Findings and Recommendation as though no

objections have been entered and is relieved of its obligation to review the record *de novo*. *See*

*United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that *de*

*novo* review required only for portions of Magistrate Judge's report to which objections have

been made). Having reviewed the legal principles *de novo*, the Court finds no error.

### CONCLUSION

The Court DENIES Defendant Clint Im's Motion for Relief From Judgment [87] and

Motion for Stay of Execution of Judgment [86]. The Court also ADOPTS Magistrate Judge

Armistead's Findings and Recommendation [82]. Therefore, Plaintiff's Motion for Attorney Fees

[66] is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

DATED this __4th__ day of June, 2026.

 

 

AMY M. BAGGIO
United States District Judge

6 – ORDER